**IN THE UNITED STATE DISTRICT COURT FOR
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JASON STOLTE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.: 2:07-cv-521-WKW** |
| ) | |
| DAVID DAVIS FARMS, INC.; ) | |
| MARTIN PHILLIP HORN, et al., ) | |
| ) | |
| **Defendants.** ) | |

# MOTION TO DISMISS AND ANSWER

COME NOW Defendants David Davis Farms, Inc., and Martin Phillip Horn (hereinafter referred to as "Defendants"), by and through their attorney, and respond to the respective counts of the Complaint as follows:

## MOTION TO DISMISS

1. Pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure,* Defendants move this Court to dismiss the Plaintiff's Complaint filed against them, and as grounds for this motion states that the Complaint fails to state a claim against these Defendants upon which relief may be granted.

2. Pursuant to Rules 12(b)(7) and 19, *Federal Rules of Civil Procedure*, Defendants further move this Court to dismiss the Plaintiff's Complaint filed against them, and as grounds therefor state that all necessary parties to this action have not been joined, to-wit: Farm Master, Inc. (hereinafter "Farm Master").  Plaintiff's suit arises from an accident involving a brand new trailer which had been purchased by and delivered to Defendants from Farm Master hours before the accident which forms the basis of this lawsuit took place; Plaintiff avers he was injured when some wheels came off of said trailer shortly after it was delivered to and being used by Defendants.  It is undisputed that Farm Master is the manufacturer and seller of the trailer involved in the accident

made the basis of Plaintiff's lawsuit. Defendants further allege that: (a) Farm Master is subject to service of process and the joinder of farm Master will not destroy this Court's jurisdiction; (b) Farm Master is a necessary party to this suit in that complete relief cannot be accorded among those already parties without Farm Master being added as a party; (c) the failure to include Farm Master will leave the present Defendants subject to a substantial risk of incurring double, multiple or inconsistent obligations by reason of Farm Master's involvement in the incident made the basis of this litigation. Plaintiff has been made aware of Farm Master's involvement in the accident made the basis of this action, and has nonetheless failed/refused to add Farm Master as a party to this litigation.

3. The Defendants also move this Court to dismiss this case in that substantially the same case has previously been filed and is currently pending in a court of competent jurisdiction. See ***GEICO Ins. Co. as Subrogee of Jason Stolte v. Martin Phillip Horn and David R. Davis,*** Civil Action number CV-2007- 117(in the Circuit Court of Autauga County, Alabama). The GEICO case was filed on May 4, 2007, some six(6) weeks before the filing of the instant case. (a copy of the GEICO complaint is attached hereto as Exhibit "A"). As the subrogee of Jason Stolte, GEICO Insurance company has "stepped into the shoes of" the Jason Stolte, the Plaintiff in this case and is in fact currently seeking remuneration for property damage, personal injury, and pain and suffering arising out of the same accident which is the subject of the case here in this federal court. (See Exhibit A). In effect, Plaintiff Stolte is prosecuting two separate lawsuits arising out of the same accident.

**ANSWER**

1. Upon information and belief, these Defendants admit the material allegations of paragraph 1 of the Plaintiff's Complaint. However, to the extent that paragraph 1 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 1 of the Complaint and demands strict proof thereof.

2. These Defendants admit the material allegations of paragraph 2 of the Plaintiff's Complaint. However, to the extent that paragraph 2 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 2 of the Complaint and demands strict proof thereof.

3. These Defendants admit the material allegations of paragraph 3 of the Plaintiff's Complaint. However, to the extent that paragraph 3 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 3 of the Complaint and demands strict proof thereof.

4. These Defendants deny the allegations of paragraph 4 of the Complaint and demand strict proof thereof.

5. These Defendants deny the allegations of paragraph 5 of the Complaint and demand strict proof thereof.

6. These Defendants lack sufficient information to admit or deny the material allegations of paragraph 6 of the Plaintiff's Complaint, and hence deny the same and demand strict proof thereof.

7. These Defendants deny the allegations of paragraph 7 of the Complaint and demand strict proof thereof.

8. No response is required of these Defendants to paragraph 8 of the Plaintiff's Complaint. However, to the extent that paragraph 8 of the Plaintiff's Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 8 of the Complaint and demand strict proof thereof.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

9. These Defendants deny each and every other material allegation contained within the Plaintiff's Complaint and the Defendants demand strict proof thereof.

### SECOND DEFENSE

10. These Defendants plead not guilty to each and every charge contained in the Plaintiff's Complaint.

### THIRD DEFENSE

11. These Defendants plead the general issue.

### FOURTH DEFENSE

12. These Defendants plead the affirmative defense of contributory negligence.

### FIFTH DEFENSE

13. These Defendants plead the affirmative defense of assumption of the risk.

### SIXTH DEFENSE

14. These Defendants plead lack of proximate cause.

### SEVENTH DEFENSE

15. These Defendants affirmatively contends that the Plaintiff's injuries, if any, are due to the acts, errors, and omissions of persons or entities not a party to this action, and that no activity on the part of either of these Defendants proximately caused the injuries and damages of which the Plaintiff complains.

## EIGHTH DEFENSE

16. To the extent that the Plaintiff's Complaint contains a claim for punitive damages, these Defendants affirmatively aver that such a claim violates the Constitution of the United States and the Constitution of the State of Alabama.

## NINTH DEFENSE

17. These Defendants reserve the right to amend this answer pending additional investigation and/or discovery.

## TENTH DEFENSE

18. These Defendants affirmatively plead any other matter constituting an avoidance or affirmative defense that may be applicable in this case.

## **MONETARY CAP ON PUNITIVE DAMAGES**

19. These defendants aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at ALA. CODE §6-11-21 (Repl. Vol. 1993).

20. Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331, 1994 WL 276687 (U.S. Or.) (1994).

DATED this the **10th** day of July, 2007.

                                      */s/ Robert C. Black, Jr.*
                                      ROBERT C. BLACK, JR.    (BLA 063)
                                      Attorney for Defendants
                                      Martin Phillip Horn
                                      and David Davis Farms , Inc.

OF COUNSEL:

HILL, HILL, CARTER,
  FRANCO, COLE & BLACK, P.C.
425 SOUTH PERRY STREET
POST OFFICE BOX 116
MONTGOMERY, ALABAMA  36101-0116
(334) 834-7600
(334) 263-5969 (telecopier)

## CERTIFICATE OF SERVICE

     I hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court and have served a copy of the foregoing upon the parties below by placing a copy of the same in the U.S. Mail, postage prepaid, on this the **10th** day of July, 2007.

                     Scott A. Powell, Esq.
           HARE, WYNN, NEWEL & NEWTON
             Suite 800, Massey Building
              2025 Third Avenue North
              Birmingham, Alabama 35203

                                      */s/ Robert C. Black, Jr.*
                                      OF COUNSEL

IN THE CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA

GEICO INSURANCE COMPANY )
as subrogee of JASON STOLTE, )
 )
Plaintiff, )
 )
vs. ) Case No.: CV-2007- 117.R
 )
MARTIN PHILLIP HORN and )
DAVID R. DAVIS, )
 )
Defendants. )

## COMPLAINT

1.  On or about January 5, 2006, along I-65, at or near its intersection with County Road 40 and County Road 61, a public roadway in the County of Autauga, State of Alabama, the defendant, Martin Phillip Horn, who was the agent, servant or employee of the defendant, David R. Davis, who was at all times acting within the line and scope of his employment negligently caused or allowed a motor vehicle to collide with a motor vehicle owned by Jason Stolte, and insured against collision, uninsured motorist and rental expenses by the plaintiff, GEICO Insurance Company.

2.  As a proximate result and consequence of the negligence of the defendant, Jason Stolte, was caused to suffer the following injuries and damages:

    His vehicle was bent, battered, broken and rendered less in value and he had to rent another vehicle in its place while his was being repaired. Furthermore, he was made sick, sore and lame and was caused to incur medical expenses in and about the treatment of his injuries.

3.  As a further proximate result and consequence of the said negligence of the defendant, the plaintiff, GEICO Insurance Company, was called upon to pay and did pay to have said vehicle repaired, as well as pain and suffering.

WHEREFORE, Plaintiff demands judgment against the defendant in the sum of $38,012.12 plus court cost, which includes $936.82 for a temporary replacement vehicle.

*William P. Sawyer*
William P. Sawyer - SAW003
Attorney at Law
428 South Lawrence Street
Post Office Box 98
Montgomery, Alabama 36101
334-262-2756

FILED IN CIRCUIT CLERK'S OFFICE
2007 MAY -4 PM 4:38
WHIT[...]
CIRCUIT CLERK