IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JASON STOLTE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | |
| DAVID DAVIS FARMS, INC., a corporation; | ) | 2:07-cv-521-WKW |
| MARTIN PHILLIP HORN, an Individual, | ) | |
| FARM MASTER, INC., a corporation, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## FIRST AMENDED COMPLAINT

1.   Plaintiff, JASON STOLTE, is an individual resident citizen of Minneapolis,

Minnesota and has been an individual resident citizen of Minneapolis, Minnesota at all material

times referred to herein.

2.   The Defendant, DAVID DAVIS FARMS, INC., is a corporation incorporated in

Baldwin County, Alabama, and doing business throughout the state of Alabama at all material

times referred to herein.

3.   The Defendant, MARTIN PHILLIP HORN, is an individual resident citizen of

Baldwin County, Alabama and has been an individual resident citizen of Baldwin County,

Alabama at all material times referred to herein.

3.   The Defendant, FARM MASTER, INC., is a foreign corporation doing business in

the State of Alabama.

4.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332, et seq. by reason of

the diverse citizenship of the parties and the amount in controversy.  Venue is proper in this

district as the incident giving rise to these claims arose within this district.

5.    The Plaintiff avers that heretofore on, to-wit, the 6th day of January, 2006, the Plaintiff

was operating a motor vehicle on Interstate 65, at its intersection between County Road 40 and

County Road 61, in Autauga County, Alabama, when he was caused to strike a tire and wheel

which had fallen from an eighteen wheeler being operated by the Defendant, MARTIN PHILLIP

HORN, and was lying in the roadway in the path of the Plaintiff.  The Plaintiff's vehicle collided

with the wheel and tire and came to rest in the median on the interstate highway.

6.    During the collision, Plaintiff was thrown in and about the interior of his vehicle and

caused to suffer the following injuries and damages: He was bruised and contused about his body

and extremities; he was caused to suffer closed head injuries; his speech patterns and cognitive

processes were injured and damaged and were permanently injured and permanently damaged; he

was caused to suffer physical pain and mental anguish and will be caused to suffer physical pain

and mental anguish in the future; he was caused to lose wages from his employment and his

power and capacity to work and earn money in the future was permanently impaired; he was

caused to spend monies for doctors, hospitals, medicine and x-ray personnel in and about his

efforts to cure his said injuries; he was unable to carry out his usual and normal activities of life

and his power and capacity to carry out his usual and normal activities of life in the future was

permanently impaired; and he was otherwise injured.

7.    Plaintiff avers that all of his aforesaid injuries and damages were proximately caused

by the negligence and/or wanton misconduct of the defendant, MARTIN PHILLIP HORN, while

acting and working within the line and scope of his employment for the defendant, DAVID

DAVIS FARMS, INC.  As a proximate cause of the individual and combined and concurring

2

negligence and wanton misconduct of the defendants, plaintiff was injured as set forth above.

8.   Plaintiff avers that the subject trailer portion of the eighteen wheeler was designed, manufactured, marketed, distributed and delivered to Alabama by the Defendant FARM MASTER, INC.   Plaintiff avers that the vehicle was defective in several respects as designed, manufactured and sold and that these conditions include, but are not limited to, the following:

(a)  a defective wheel and tire unit which permitted the tires and wheel units to come off said trailer and cause the incident made the basis of this lawsuit;

(b)  a lack of general crashworthiness;

(c)  a failure to adequately warn or instruct the users of the trailer of the inadequate condition of the tire and wheel system;

9.   The defendants are liable for the injuries of the plaintiff under the following theories of liability:

(a)  Negligence in the design, and/or manufacture and/or testing, and/or sale, and/or marketing of the subject trailer;

(b)  Wanton misconduct in the design, and/or manufacture and/or testing, and/or sale, and/or marketing, of the subject trailer;

(c)  Negligence in their failure to conduct testing and/or inspections and/or investigations, to determine that the subject trailer was defective and unsafe and failed to comply with applicable standards.

(d)  Wanton misconduct in their failure to conduct testing and/or inspections and/or investigations, to determine that the subject trailer was defective and unsafe and failed to comply

with applicable standards.

(e)  Negligence in failing to notify the owners, dealers, users and purchasers of these

trailers that defective conditions existed in the trailer and, in addition, failing to implement a

corrective action plan which would provide adequate methods to remedy the defect and make the

trailer safe.

(f)  Wanton misconduct in failing to notify the owners, dealers, users and purchasers of

these vehicles of  defective conditions that existed in the trailer and, in addition, failing to

implement a corrective action plan which would provide adequate methods to remedy the defect

and make the trailer safe.

(g)  Under the Alabama Extended Manufacturers Liability Doctrine with regard to the

subject trailer in that the Defendant, FARM MASTER, INC., is in the business of selling trailers

of the type described herein; Defendants manufactured and sold a trailer which was dangerous

and defective at the time it left their control; the trailer reached its ultimate consumer in the same

condition as when it was manufactured and sold by the defendant; the trailer was dangerous and

defective at the time of its manufacture and sale; the trailer was in substantially the same

condition at the time of this incident as the time of manufacture and as a proximate consequence

of the dangerous and defective trailer, the plaintiff suffered injuries as set forth in the initial

Complaint on file in this cause.

10. Plaintiff avers that all of his aforesaid injuries and damages were proximately caused

by the combined negligence and/or wanton misconduct of the defendants, MARTIN PHILLIP

HORN, while acting and working within the line and scope of his employment for the defendant,

DAVID DAVIS FARMS, INC and by defendant FARM MASTER, INC. in their design,

manufacture, marketing, distributing and delivering of said trailer to Alabama . As a proximate

cause of the individual and combined and concurring negligence and wanton misconduct of the

defendants, plaintiff was injured as set forth above.

      11.   As damages, the Plaintiff claims of the Defendants a sum in excess of Seventy-Five

Thousand Dollars ($75,000.00) in an amount to be determined by the jury.

/s/ Scott A. Powell
SCOTT A. POWELL, ASB-7523-L60S
Attorney for Plaintiff


OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON
Suite 800 Massey Building
2025 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 328-5330
Facsimile (205) 324-2165
E-Mail: scott@hwnn.com


PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.



Scott A. Powell
OF COUNSEL



Plaintiff's Address:
4320 Cedarwood Drive
St. Louis Park, Minnesota 55416

Defendants' Addresses:
MARTIN PHILLIP HORN
25975 County Road 27, Lot T8
Daphne, Alabama 36526

DAVID DAVIS FARMS, INC.

5

25630 County Road 27
Daphne, Alabama 36526

FARM MASTER, INC.
c/o Tracy M. White
1750 Mill Street
Wabash, IN 46992