IN THE UNITED STATE DISTRICT COURT FOR
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON STOLTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:07-cv-521-WKW |
| ) | |
| DAVID DAVIS FARMS, INC.; ) | |
| MARTIN PHILLIP HORN, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS AND ANSWER TO FIRST AMENDED COMPLAINT

COME NOW Defendants David Davis Farms, Inc., and Martin Phillip Horn (hereinafter referred to as "Defendants"), by and through their attorney, and respond to the respective counts of the First Amended Complaint as follows:

### MOTION TO DISMISS

1. Pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure,* Defendants move this Court to dismiss the Plaintiff's First Amended Complaint filed against them, and as grounds for this motion states that the First Amended Complaint fails to state a claim against these Defendants upon which relief may be granted.

2. The Defendants also move this Court to dismiss this case in that substantially the same case has previously been filed and is currently pending in a court of competent jurisdiction. See *GEICO Ins. Co. as Subrogee of Jason Stolte v. Martin Phillip Horn and David R. Davis,* Civil Action number CV-2007- 117(in the Circuit Court of Autauga County, Alabama). The GEICO case was filed on May 4, 2007, some six(6) weeks before the filing of the instant case. (a copy of the GEICO complaint is attached hereto as Exhibit "A"). As the subrogee of Jason Stolte, GEICO

Insurance company has "stepped into the shoes of" the Jason Stolte, the Plaintiff in this case and is in fact currently seeking remuneration for property damage, personal injury, and pain and suffering arising out of the same accident which is the subject of the case here in this federal court. (See Exhibit A). In effect, Plaintiff Stolte is prosecuting two separate lawsuits arising out of the same accident.

## ANSWER

1. Upon information and belief, these Defendants admit the material allegations of paragraph 1 of the Plaintiff's Complaint. However, to the extent that paragraph 1 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 1 of the Complaint and demands strict proof thereof.

2. These Defendants admit the material allegations of paragraph 2 of the Plaintiff's Complaint. However, to the extent that paragraph 2 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 2 of the Complaint and demands strict proof thereof.

3. These Defendants admit the material allegations of [the first] paragraph 3 of the Plaintiff's First Amended Complaint. However, to the extent that [the first] paragraph 3 of the Plaintiffs' First Amended Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of [the first] paragraph 3 of the First Amended Complaint and demands strict proof thereof.

3. No response is required of these Defendants to [the second] paragraph 3 of the Plaintiff's First Amended Complaint. However, to the extent that [the second] paragraph 3 of the Plaintiff's First Amended Complaint alleges any liability on these Defendants in any particular

amount, these Defendants deny the allegations of [the second] paragraph 3 of the First Amended Complaint and demand strict proof thereof.

4. These Defendants deny the allegations of paragraph 4 of the First Amended Complaint and demand strict proof thereof.

5. These Defendants deny the allegations of paragraph 5 of the First Amended Complaint and demand strict proof thereof.

6. These Defendants lack sufficient information to admit or deny the material allegations of paragraph 6 of the Plaintiff's First Amended Complaint, and hence deny the same and demand strict proof thereof.

7. These Defendants deny the allegations of paragraph 7 of the First Amended Complaint and demand strict proof thereof.

8. No response is required of these Defendants to paragraph 8 of the Plaintiff's First Amended Complaint. However, to the extent that paragraph 8 of the Plaintiff's First Amended Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 8 of the First Amended Complaint and demand strict proof thereof.

9. These Defendants deny the allegations of paragraph 9 of the First Amended Complaint and demand strict proof thereof.

10. These Defendants deny the allegations of paragraph 10 of the First Amended Complaint and demand strict proof thereof.

11. No response is required of these Defendants to paragraph 11 of the Plaintiff's First Amended Complaint. However, to the extent that paragraph 11 of the Plaintiff's First Amended Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 11 of the First Amended Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

12.     These Defendants deny each and every other material allegation contained within the Plaintiff's First Amended Complaint and the Defendants demand strict proof thereof.

### SECOND DEFENSE

13.     These Defendants plead not guilty to each and every charge contained in the Plaintiff's First Amended Complaint.

### THIRD DEFENSE

14.     These Defendants plead the general issue.

### FOURTH DEFENSE

15.     These Defendants plead the affirmative defense of contributory negligence.

### FIFTH DEFENSE

16.     These Defendants plead the affirmative defense of assumption of the risk.

### SIXTH DEFENSE

17.     These Defendants plead lack of proximate cause.

### SEVENTH DEFENSE

18.     These Defendants affirmatively contends that the Plaintiff's injuries, if any, are due to the acts, errors, and omissions of persons or entities not a party to this action, and that no activity on the part of either of these Defendants proximately caused the injuries and damages of which the Plaintiff complains.

### EIGHTH DEFENSE

19.     To the extent that the Plaintiff's First Amended Complaint contains a claim for punitive damages, these Defendants affirmatively aver that such a claim violates the Constitution

of the United States and the Constitution of the State of Alabama.

### NINTH DEFENSE

20. These Defendants reserve the right to amend this answer pending additional investigation and/or discovery.

### TENTH DEFENSE

21. These Defendants affirmatively plead any other matter constituting an avoidance or affirmative defense that may be applicable in this case.

### **MONETARY CAP ON PUNITIVE DAMAGES**

22. These defendants aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at ALA. CODE §6-11-21 (Repl. Vol. 1993).

23. Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331, 1994 WL 276687 (U.S. Or.) (1994).

DATED this the **11th** day of October, 2007.

                     */s/ Robert C. Black, Jr.*
                     ROBERT C. BLACK, JR.   (BLA 063)
                     Attorney for Defendants Martin Phillip Horn
                     and David Davis Farms , Inc.

OF COUNSEL:

HILL, HILL, CARTER,
 FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:     (334) 834-7600
Facsimile:     (334) 832-7419
E-mail:     Rcblackjr@hillhillcarter.com

**CERTIFICATE OF SERVICE**

   I hereby certify that I have served a copy of the foregoing document on the following by United States mail, postage prepaid and properly addressed or by electronically filing with the Clerk of the Court using the AlaFile which will send notification to the following on this the 11th day of October 2007:

Scott A. Powell, Esq.
HARE, WYNN, NEWEL & NEWTON
Suite 800, Massey Building
2025 Third Avenue North
Birmingham, Alabama 35203

                /s/ *Robert C. Black, Jr.*
                OF COUNSEL