IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Case No. 2:07cv-521-WKW

JASON STOLTE,

       Plaintiff,

v.

DAVID DAVIS FARMS INC., et al.,

       Defendants.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Comes now the plaintiff and urges the denial of the motion to dismiss filed by defendants David Davis Farms, Inc., and Martin Phillip Horn on October 11, 2007 (Doc. 14).

## EVIDENCE

Attached hereto is a two-page letter (dated October 10, 2007), with a nineteen-page attachment, from attorney William P. Sawyer to plaintiff's counsel Scott Powell.  Mr. Sawyer is the lawyer for GEICO Insurance Company who filed GEICO Ins. Co. v. Martin Phillip Horn and David R. Davis, No. CV-2007-117, Autauga County, Alabama, Circuit Court.

1

## INTRODUCTION AND SUMMARY

The basis for the motion to dismiss is the existence of the <u>GEICO</u> suit in Autauga County, which was filed prior to the commencement of this federal court action.  Defendants apparently rely upon the Alabama Abatement Statute, Ala. Code § 6-5-440.  Plaintiff herein contends that the Abatement Statute has no application to this action and that the <u>GEICO</u> subrogation suit in Autauga County is not the "same" action, within the meaning of the Alabama Abatement Statute.

## PROCEDURAL FACTS

These two lawsuits arise out of a motor vehicle accident on Interstate 65 in Autauga County on January 6, 2006.  Stolte alleges that his vehicle was caused to wreck because of a tire and wheel that fell from defendants' truck (and a product liability claim is also added against Farm Master, Inc.).

Stolte lives in Minnesota and he purchased GEICO insurance in Minnesota. In the Minnesota policy, GEICO provides $20,000 of "med pay" coverage, in addition to other coverages that are not based on fault.  GEICO has paid to Stolte its $20,000 of med pay, in addition to payments for lost wages and property damage.  By provisions in its insurance contract, GEICO is subrogated for those payments.

On May 4, 2007 (prior to the commencement of this federal court action by

2

Stolte), GEICO filed a subrogation lawsuit in Autauga County Circuit Court against Mr. Horn and Mr. Davis. GEICO originally sued, *inter alia*, for subrogation for payments allegedly made for "pain and suffering." Attorney Sawyer's letter explains that this was a mistake - a mistake in that GEICO should not have sued for "pain and suffering." Mr. Sawyer explains that his state court suit will be amended to cure that mistake.

Thus, it is clear that GEICO's suit is limited (as it legally must be) to claims that belong to GEICO (its subrogation claims), and that GEICO does not even purport to claim any of the "pain and suffering" damages being sought in this federal court action. GEICO's subrogation claims are necessarily limited to the actual amounts GEICO has paid to Stolte, while Stolte's claims exceed those amounts and are limited only by what the jury's verdict might be.

## ARGUMENT

Stolte is not a party to the state court action. Stolte has no "control" over GEICO. Stolte did not approve or direct or know about GEICO's state court subrogation lawsuit. GEICO's subrogation rights are separate legal rights belonging solely to GEICO, and GEICO's subrogation cause of action is a separate chose in action belonging to GEICO. Even assuming, *arguendo*, that the Alabama Abatement Statute even applies in federal court, GEICO's subrogation

3

claims and Stolte's personal injury action are not the "same" cause of action,
within the meaning of the Alabama Abatement Statute.  Ala. Code § 6-5-440
provides:

> Simultaneous actions for same cause against same party prohibited.
>
> No plaintiff is entitled to prosecute two actions in the courts of
> this state at the same time for the same cause and against the same
> party.  In such a case, the defendant may require the plaintiff to elect
> which he will prosecute, if commenced simultaneously, and the
> pendency of the former is a good defense to the latter if commenced
> at different times.

There is apparently no reported Alabama appellate decision[1] that interprets this
statute in the precise context of an insurer's subrogation action, but all of the
general principles and policies intended by the statute dictate that the statute
cannot possibly apply to abate Stolte's personal injury action.

First, for the Abatement Statute to apply, the plaintiffs in the two actions
must be the same.  GEICO is the plaintiff in the state court case, and Stolte is the
plaintiff here.  They are not the same.  This alone should be the end of the issue
and the motion to dismiss (abate) is due to be denied.

"In order for a plea in abatement setting up the pendency of a former suit to
be sufficient, the parties to the two suits must be the same."  *Redstone Land &*

---

[1] As noted below, there is a Georgia case directly on point that holds that the identical
Georgia statute does not apply in this type of insurance subrogation situation.

*Development Co. v. Boatwright,* 44 Ala. App. 363, 365, 209 So.2d 221, 222 (Ala. App. 1968). "If the plaintiffs in two actions are different, the first action cannot be pleaded in abatement of the second action, even where the defendants are the same and the other requisites of abatement are present. . . . For abatement to be appropriate, not only must the plaintiffs be the same, but also they must occupy the same status in both suits. . . . Where two suits are filed by one person against the same defendant based on the same cause of action, the first suit is not grounds for abatement of the second if the plaintiff acts in a different capacity in each suit." 1 Am. Jur. 2d Abatement, Survival, and Revival § 23 (online edition, database updated July 2007). GEICO's abatement suit is a different plaintiff who is also suing in an entirely different capacity: an insurer suing for limited contractual subrogation, versus the injured victim himself suing in tort for his full damages.

Abatement and the § 6-5-440 issue are affirmative defenses. *Veteto v. Yocum*, 793 So.2d 814, 815 n. 1 (Ala. Civ. App. 2001). Defendants have the burden of proving to this Court that GEICO is the "same plaintiff" with the "same claim," within the meaning of § 6-5-440. There is no such case supporting that view. Stolte is not a party to the state court action. Stolte is not the "real party in interest" to the state court suit, within the meaning of Alabama or Federal Rule

17.[2]  Stolte is not a "necessary" party to the state court action, within the meaning of Alabama Rule 19.[3]  Stolte cannot be forced into the state court action.  So, how can Stolte possibly be considered to be the "same plaintiff" as GEICO, pursuing the "same claim?"

Defendants' only argument is that GEICO "stands in Stolte's shoes."  The "stands in the shoes of the insured" maxim is applied in a completely different context to mean that a subrogated insurer (the subrogee) can have no greater rights against another than the insured himself (the subrogor).[4]  This maxim has no

---

[2] Under Alabama law, when an insurer pays a loss and is subrogated, the insurer may sue and "[t]he insurer is the real party in interest."  *Stathem v. Ferrell*, 267 Ala. 333, 337, 101 So.2d 546, 549 (Ala. 1958).  Under federal law, when an insurer pays part of a claim and is subrogated, both the insurer and the insured are real parties in interest and either may sue separately to enforce their respective rights.  See *Poteet v. Sauter*, 136 Md. App. 383, 402-03, 766 A.2d 150, 160 (Md. App. 2001), relying primarily on 4 James W. Moore, et al., Moore's Federal Practice, § 17.11[3][b] at 17-50 (3d ed. 1999): "Partial subrogation occurs when both the subrogor and the subrogee retain an interest in the claim. . . .  The insurer, therefore, owned that portion of the substantive right, and the insured owned the remainder.  There are two real parties in interest. . . . [B]ecause the subrogee and the subrogor were both entitled to bring a claim against the tortfeasor, both were real parties in interest."

[3] Rule 19(a) of the Alabama Rules of Civil Procedure says: "Persons to Be Joined if Feasible.  A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."  GEICO can get its complete subrogation relief without Stolte's presence as a party.  The pendency of two cases will prejudice no one.  The defendants are protected against double liability - - - see the conclusion to this plaintiff's response, *infra*.

[4] See, for example, *Allstate Ins. Co. v. Amerisure Ins. Companies*, 603 So.2d 961, 966 (Ala. 1992).

application to § 6-5-440 and does not prove that Stolte and GEICO are the same

plaintiff, for purposes of the Abatement Statute.

For purposes of § 6-5-440, not only do the plaintiffs have to be the same,

but the claims must also be the same.  Stolte asserts that a limited contractual

subrogation claim is obviously not the same "claim" as Stolte's tort action for his

full personal injury damages.

For either "same plaintiff" or "same claim," the defendants have the burden

of proving the elements of res judicata.  That is, whether the Abatement Statute

applies to this federal court action is the same question as asking whether a

judgment in the state court subrogation suit would operate as res judicata to bar

this tort personal injury action.  It is the same test, and the defendants cannot prove

all of the elements of res judicata.

"The standard for deciding whether two actions may proceed is similar to

the standard applied for res judicata; that is, whether the issues in the two actions

are the same and whether the same evidence would support a recovery in both

actions." *Hill v. United Ins. Co. of America*, 998 F.Supp. 1333, 1338 (M.D. Ala.

1998) (Albritton, C.J.).  "Whether § 6-5-440 applies depends on whether a

judgment in one action would be res judicata as to the other."  *Ex parte Sears,*

*Roebuck and Co.*, 895 So.2d 265, 271 (Ala. 2004).  And, "the party asserting the

7

bar of res judicata, has the burden of showing the meaning of the former adjudication." *Id*. at 270.

"[T]o be sufficient to abate the second action entirely, a final judgment or degree, when rendered in the first, must be good as a bar to the entire second action." *Redstone Land & Development Co. v. Boatwright*, 44 Ala. App. 363, 365, 209 So.2d 221, 223 (Ala. App. 1968) (internal citation and quotation omitted). "In order for the defense of the pendency of a prior action to be sufficient, the parties to the two suits must be the same. This defense bears a strong analogy to a defense based on res judicata, and a fair test of its sufficiency is whether a final judgment in the prior suit would be conclusive between the parties and operate as a bar to the second. A valid judgment in the prior suit would operate as a bar to the second if the parties, or those in privity with them, are identical in both suits and the same cause of action is involved in both suits.*" H. L. Raburn & Co. v. Massey Draughon Business College*, 388 So.2d 1225, 1226 (Ala. Civ. App. 1980) (internal citation and quotation omitted).

This is the general rule around the country. "Privity between parties in two actions may result in sufficient similarity in interest for the parties to be considered the same parties. Where the relationship or privity between the plaintiffs in separate suits on the same cause of action is such that a recovery in

8

the prior suit would bar recovery in the subsequent suit, the identity of the parties is generally sufficient to meet the requirements for abatement of the second action. However, the fact that the interest of the parties in the two suits may be substantially identical is not sufficient if their rights and obligations are not identical and the parties are not identical legal persons." 1 Am. Jur. 2d Abatement, Survival, and Revival § 26 (online edition, database updated July 2007). "One of the requisites of the plea or defense of another action pending is that the two suits be based on the same, or substantially the same, cause of action. . . . The actions must be of the same character, for the same cause and relief. . . . Both actions must assert the same rights, demand the same relief. . . . The ultimate inquiry is whether a judgment in the first action, if one is rendered, will be conclusive on the parties with respect to the matters involved in the second." *Id.* at § 28.

"Tests for determining the identity of the cause of action in two suits for abatement purposes include: (1) whether the same full relief could be obtained in the first action as in the one sought to be abated; (2) whether the judgment obtained in one could be pleaded in bar, or as res judicata, against the other; (3) whether all the issues between the parties could be determined in the prior action; and (4) whether the same evidence would support both actions. If a judgment in

9

the first action would not constitute a bar to the subsequent action, there is nothing

to prevent the maintenance of the subsequent action." *Id.* at § 29.  Defendants

have to prove each of the elements of res judicata.  In this case, it is obvious that

(1) "the same full relief" sought herein by Stolte cannot be recovered in the state

court action, where GEICO's claim is limited to the amount it has paid out under

its policy of insurance.  And, (2) a judgment in GEICO's case cannot

constitutionally bar Stolte right to pursue his full remedies.

   To prove res judicata, since the parties are not literally the same, the

defendants must prove that Stolte and GEICO are legally in "privity."  The

defendants cannot prove this element of "privity."  "For the parties to be

substantially the same in both cases, they must be either the same, or in privity of

estate, blood, or law with the original parties. . . .  For privity to exist between two

people, there must be an identity of interests between them.  Privity has been

defined as a mutual or successive relationship to the same rights of property."

*Harris v. Mitchell*, 958 So.2d 884, 888 (Ala. Civ. App.), *cert. denied* (Ala. 2006)

(internal citations and quotations omitted) [relying primarily on *Ex parte Snow*,

508 So.2d 266, 268 (Ala. 1987)].  "Privity is often deemed, however, to arise from

(1) the relationship of one who is privy in blood, estate, or law; (2) the mutual or

successive relationship to the same rights of property; or (3) an identity of interest

10

in the subject matter of litigation." *Stewart v. Brinley*, 902 So.2d 1, 10-11 (Ala. 2004) (internal citations and quotations omitted).  None of these definitions of "privity" fit Stolte's relationship to GEICO.

See 47 Am. Jur. 2d <u>Judgments</u> § 582 (online edition, database updated July 2007), citing, *inter alia*, *Coyle v. Alabama Power Co.*, 611 So. 2d 1019 (Ala. 1992): "For res judicata purposes, 'parties' may be defined to include all persons who have a direct interest in the subject matter of the action and have <u>a right to control the proceedings</u>, defend, examine the witnesses, and appeal if an appeal lies."  (emphasis added).  Stolte does not "control" GEICO.  GEICO is legally and procedurally free to pursue its own claim, based in subrogation, against these defendants - but, by the same token, Stolte is just as free to pursue his full personal injuries remedies from the same defendants.

The most closely-analogous case plaintiff's counsel could find is the Georgia case of *Janet Parker, Inc. v. Floyd*, 269 Ga. App. 59, 603 S.E.2d 485 (Ga. App. 2004).  The identical situation developed: P was injured in a car wreck caused by D; but, before P filed his personal injury action against D [lawsuit number two], the P's subrogated insurer had already filed [lawsuit number one] its own suit against the same D for its subrogation.  At 61, 487, the Georgia Court rejected the defendants' motion to dismiss the second suit, based on the Georgia

Abatement Statute (which is identical to the Alabama statute) (emphasis added):

> JPI [defendants] argues that . . . OCGA § 9-2-5(a) prohibits them [plaintiffs] from bringing this suit because Healthfield and TIG [plaintiffs' subrogated insurers] had already asserted the Floyds' [plaintiffs] cause of action in their subrogation suit.  We cannot agree that OCGA § 9-2-5(a) has this effect.  <u>Healthfield and TIG did not file their suit in Floyd's name or seek to recover all of his damages</u>.  They sought recovery of <u>only</u> the amount paid to Floyd in workers' compensation benefits.  OCGA § 9-2-5(a) provides:

>> No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.

> "An examination of [OCGA § 9-2-5(a)] reveals that it requires that the suits must be between the same parties based on the same cause of action.  Not only must the parties be the same, <u>but also they must occupy the same status</u> in both suits." *Tinsley v. Beeler*, 134 Ga. App. 514, 516(1), 215 S.E.2d 280 (1975).  Because Floyd was not named as plaintiff in the subrogation action, OCGA § 9-2-5(a) is inapplicable.  See *Haisten v. Tanner-Brice Co.*, 211 Ga. 821, 89 S.E.2d 172 (1955).

The same rationales apply to this case: GEICO is not suing in Stolte's name and is not purporting to claim Stolte's full personal injury tort damages; and GEICO's contractual subrogation suit does not "occupy the same status" as Stolte's personal injury tort action.  The Alabama Abatement Statute does not apply, and there is no other statute, rule, or case law that would mandate the dismissal of this action on

account of GEICO's prior-filed subrogation suit.

CONCLUSION

"[T]he purpose of the law [§ 6-5-440] is to prevent unnecessary and vexatious litigation." *Redstone Land & Development Co. v. Boatwright*, 44 Ala. App. 363, 365, 209 So.2d 221, 222 (Ala. App. 1968) (internal citation and quotation omitted).  Stolte's right to bring his own individual action to pursue his full personal injury damages is his constitutional right, and the defendants have no bases for alleging that Stolte's suit is "unnecessary" or "vexatious," within the meaning of the Alabama Abatement Statute.

However, Stolte agrees that the law should protect these defendants from double liability, i.e., literally paying the exact same damages in both cases.[5]  There are easy cures for that valid concern.  If the state court were to stay its proceedings pending the resolution of this federal case, the concern about double liability would disappear.  Even without a stay, if this federal action, in fact, concludes first, then the defendants will also be protected from double liability.

_____

[5] Stolte is not conceding that the application of the collateral source rule is a "double recovery" to Stolte or a "double liability" to the defendants.  If, for example, the state court action is stayed and this federal action results in a verdict for $50,000 in lost wages, the defendants have to pay to Stolte $50,000, notwithstanding the fact that Stolte has received $15,000 for lost wages from his insurer (a collateral source). [Stolte may have a contractual duty, under subrogation, to pay GEICO back for its $15,000.]  But, if the defendants have already paid GEICO $15,000 for lost wages, they should have to pay Stolte only $35,000, so that they do not have to pay *more* than $50,000 for this element of damages.

Finally, even if the state court subrogation action concludes first, with defendants Horn and Davis paying money to GEICO, those defendants will be protected from double liability.  Plaintiff Stolte and undersigned plaintiff's counsel hereby stipulate that Stolte will agree in this case that these defendants will be entitled to a credit for any duplicative damages they have already paid to GEICO.  Stolte believes that such a credit is compelled by applicable law, anyway; but, to completely allay any concern about double liability, he will herein stipulate to the right for a credit.

So, for example, if the defendants have already actually paid $15,000 for lost wages in the state court action, and Stolte then recovers a verdict for $50,000 in lost wages in this federal case, Stolte will agree that the lost wages portion of his verdict should be reduced to $35,000.  There is no possibility of double liability, so these defendants have no legal grounds to complain about the pendency of both GEICO's subrogation action and Stolte's personal injury tort action.  The motion to dismiss is due to be denied.

Respectfully submitted,


/s/Scott A. Powell
Scott A. Powell, ASB-7523-L60S
Attorney for Plaintiff

14

OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON
Suite 800 Massey Building
2025 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 328-5330
Facsimile (205) 324-2165
E-Mail: scott@hwnn.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 17, 2007, I electronically filed the foregoing
with the Clerk of the Court  using the CM/ECF system which will send  notification of such filing
to the following:

Mr. Robert C. Black, Jr.
HILL, HILL, CARTER, FRANCO, COLE & BLACK
425 South Perry Street
Post Office Box 116
Montgomery, Alabama 36101-0116.

I further certify that I have served a copy of the above and foregoing upon defendant, Farm
Master, Inc., by placing same in the United States Mail, properly addressed, postage prepaid, as
follows:

Farm Master, Inc.
C/o Tracy M. White
1750 Mill Street
Wabash, IN 46992.

<u>/s/ Scott A. Powell</u>
Scott A. Powell

**WILLIAM P. SAWYER**
ATTORNEY AT LAW
428 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA 36104

TELEPHONE: (334) 262-2756
FAX: (334) 262-2759

MAILING ADDRESS:
POST OFFICE BOX 98
36101-0098

October 10, 2007

Scott A. Powell, Esq.
The Historic Massey Building
2025 Third Avenue, N, Ste 800
Birmingham, AL 35203

<u>Via Facsimile: 205-324-2165</u>
<u>& US Regular Mail</u>

     Re:   GEICO Insurance Company aso Jason Stolte
            v. Martin Phillip Horn & David R. Davis
            Case No.: CV-2007-117 Autauga County, Alabama

Dear Scott:

     I spoke at length with Becky in your office on October 9, 2007 regarding what my client, GEICO, had paid to its insured and your client, Jason Stolte.

     Upon contacting my client, GEICO, about the subrogation claim, I have learned that the amounts paid are as follows:

| | | |
|---|---|---|
| 1. | Medical payments coverage | $20,000.00 |
| 2. | Collision | $11,275.30 |
| 3. | Auto rental | $    936.82 |
| 4. | Lost wages | $15,056.00 |

     Minnesota (state of residence for Jason Stolte) is apparently one of only two states in the nation that require this type of insurance coverage. Mr. Stolte actually has $40,000.00 limits for medical bills and lost wages. This is not considered uninsured or underinsured motorist coverage. <u>It is contract coverage and does not include pain and suffering</u>.

     My complaint in State Court is currently incorrect and I will amend.

Scott A. Powell, Esq.
Page 2
October 10, 2007

I hope this clears up some of the confusion.

Please do not hesitate to call if you have questions.

Sincerely,

William P. Sawyer

WPS/bw

cc:    Robert C. Black, Jr., Esq.
       <u>Via Facsimile: 334-263-5969</u>

# Fax

| | | | |
|---|---|---|---|
| **To:** | | **From:** | R3 ECFMACON |
| **Fax:** | 13342622759 | **Date:** | Tue, 9 Oct 2007 15:12:06 -0400 |
| **Re:** | Claim #017038193-0101-017 ID#70a46f0380a343009dbcd98dbe8c9af0 | | |

 

          The message from

GEICO DIRECT Claims Department

    begins on the next page.

=====================
This email/fax message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution of this
email/fax is prohibited. If you are not the intended recipient, please
destroy all paper and electronic copies of the original message.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY**
ONE GEICO CENTER, MACON, GA 31295

**Date:**   October 09, 2007

**To:**   William Sawyer
FAX: (334)-262-2759

**From:**   Carla Nesbitt
(800)841-9160
GEICO DIRECT Claims Department

**Subject:**   **Claim#017038193-0101-017**

**Message:**

DISABILITY DOCUMENTATION FOR JASON STOLTE

**Attachments:**

CONTINUED DISABILITY Page 2
CONTINUED DISABILITY Page 1
CONTINUED DISABILITY Page 3
CONTINUED DISABILITY Page 4
CONTINUED DISABILITY Page 5
CONTINUED DISABILITY Page 6
DISABILITY Page 1
DISABILITY Page 2
DISABILITY Page 3
DISABILITY Page 4
DISABILITY Page 5
DISABILITY Page 6

## ATTENDING PHYSICIAN'S REPORT

| DATE | POLICYHOLDER | | DATE OF ACCIDENT | FILE NUMBER |
|------|--------------|--|------------------|-------------|
| | | | | |

TO ASSIST US IN DETERMINING BENEFITS DUE UNDER THE MINNESOTA NO-FAULT AUTOMOBILE INSURANCE ACT THE **ATTENDING PHYSICIAN** SHOULD COMPLETE THIS REPORT AND RETURN IT DIRECTLY

TO:

1. PATIENT'S NAME AND ADDRESS

JASON STOLTE

| 2. AGE | 3. SEX | 4. OCCUPATION (IF KNOWN) |
|--------|--------|--------------------------|
| 36 | M | Fedural emergency managment contractor |

5. HISTORY OF OCCURRENCE AS DESCRIBED BY PATIENT

MVA 1/6/06

6. DIAGNOSIS AND CONCURRENT OR CONTRIBUTING CONDITIONS*

Closed head injury / Traumatic brain injury    294.1 dementia
283.83 mood disorder

7. WHEN DID SYMPTOMS FIRST APPEAR?
DATE: 1/6/06

8. WHEN DID PATIENT FIRST CONSULT YOU FOR THIS CONDITION?
DATE: 2/21/06   Dr Hornbuckle
3/17/06   Dr Ormiston

9. HAS PATIENT EVER HAD SAME OR SIMILAR CONDITION?
YES ☐  NO ☑  If "YES" state when and describe*

10. IS CONDITION SOLELY A RESULT OF THIS ACCIDENT?
YES ☑  NO ☐  If "NO", EXPLAIN*

11. IS CONDITION DUE TO INJURY OR SICKNESS ARISING OUT OF PATIENT'S EMPLOYMENT?
YES ☑  NO ☐

12. WILL INJURY RESULT IN PERMANENT DISFIGUREMENT OR DISABILITY?
YES ☐  NO ☐  If "YES", describe  uncertain

13. IF PATIENT WAS HOSPITALIZED, NAME OF HOSPITAL:

| PERIOD OF HOSPITALIZATION |
|---------------------------|
| FROM:        TO: |

14. PATIENT WAS DISABLED (Unable to work)
FROM: 1/6/06   THROUGH: present

15. IF STILL DISABLED, DATE PATIENT SHOULD BE ABLE TO RETURN TO
WORK:  uncertain

16. PATIENT WAS UNABLE TO PERFORM HOUSEHOLD TASKS
FROM: 1/6/6   THROUGH: present

17. IF STILL UNABLE, DATE PATIENT SHOULD BE ABLE TO PERFORM NORMAL
HOUSEHOLD TASKS:  invalid - depends on tasks

18. REPORT OF SERVICES

| DATE OF SERVICE | PLACE OF SERVICE | DESCRIPTION OF SURGICAL OR MEDICAL SERVICE RENDERED | CHARGES |
|-----------------|------------------|------------------------------------------------------|---------|
| | | | $ |
| | | | $ |
| | | TOTAL CHARGE TO DATE | $ |
| | | ESTIMATED FUTURE CHARGES | $ |

19. IS PATIENT STILL UNDER YOUR CARE FOR THIS CONDITION?
YES ☑  NO ☐

| 3/5/7 | CHAS ORMISTON | Chas Orm | |
|-------|---------------|----------|--|
| DATE | PHYSICIAN'S NAME (PRINT) | PHYSICIAN'S SIGNATURE | IRS/TIN IDENTIFICATION NO. |

| 1650 | Beam Ave | Maplewood   Mn. | 5510 | |
|------|----------|------------------|------|--|
| NO. | STREET | CITY OR TOWN | STATE | ZIP CODE |

*Use reverse side if additional space is needed.
A3837 (Ed. 1-75) UNIFORM PRINTING & SUPPLY



**SCHWEBEL
GOETZ &
SIEBEN**

ATTORNEYS AT LAW

A PROFESSIONAL ASSOCIATION

James R. Schwebel † * §
John C. Goetz † * §
William R. Sieben † * §
Richard L. Tousignant † * §
Sharon L. Van Dyck
Peter W. Riley † * §
William A. Crandall *
Paul E. Godlewski † *

James S. Ballentine
Candace L. Dale *
Mark H. Gruesner † *
Max H. Hacker
William E. Jepsen
Robert L. Lazear
Robert J. Schmitz
Barry E. Stern *
James G. Weinmeyer *

Of Counsel:
Leo M. Daly
Laurie J. Sieff

† Member of the American
Board of Trial Advocates

* Certified by the National
Board of Trial Advocacy as
a Civil Trial Specialist

§ The Best Lawyers in America
Woodward White, Inc.

April 03, 2007

703 542 0109
Brenda Dickson
GEICO Insurance
One Geico Center
Macon, GA 31295

RE:    Our Client          Jason Stolte
       Your Insured:       Jason Stolte
       Date of Accident:   January 6, 2006
       Claim Number:       0170381930101017

Dear Ms. Dickson:

Attached is a disability statement signed by Dr. Charles Ormison, Jason Stolte's neurologist, verifying his on-going disability from work since June 1, 2006, byh reason of his closed head injury.

You have previously been sent verification of on-going job possibilities for Jason, at FEMA. I have attached another copy.

Please forward Jason's wage loss from June 1, 2006 to the present, at this time..

Thank you.

Sincerely,

Carolyn Manion-Gruesner
Direct Dial Number: 612-344-0308
cgruesner@schwebel.com

CMG

Enclosure

## Carolyn Gruesner

| | |
|---|---|
| **From:** | Poremba, Maria [maria.poremba@dhs.gov] |
| **Sent:** | January 08, 2007 3:15 PM |
| **To:** | Carolyn Gruesner |
| **Cc:** | Poremba, Maria |
| **Subject:** | FW: Blank Letterhead - 405657 |
| **Importance:** | High |

Carolyn,

Below is the response I received from Jason's Cadre Manager. If you have any additional questions, let me know.

Maria Poremba
DHS/FEMA

---

**From:** Kern, Jeanne
**Sent:** Monday, January 08, 2007 10:22 AM
**To:** Poremba, Maria
**Subject:** RE: Blank Letterhead - 405657

As we had explained in the past, Jason is an on call employee. If he is "available" in our system then any region can call him to work. In our region alone we did have a PA disaster in Minnesota and one in Ohio that he could have been deployed to. Also I know that other regions had disasters as we had people deployed in NY, PA and New Mexico and a few other states as well as DAEs deployed to the region for closeout work. Hope this is what they are looking for. If he is "available", there is a possibility of him working but no guarantee.

Jeanne Kern
Fema Region V
536 South Clark 6th Floor
Chicago, IL 60605

312-408-5547 desk
312-636-3348 cell
312-408-5599 fax

---

**From:** Poremba, Maria
**Sent:** Monday, January 08, 2007 10:16
**To:** Kern, Jeanne
**Subject:** FW: Blank Letterhead - 405657

Jeanne,

Can you please assist me in the email below?

Thanks,

Maria

---

**From:** Carolyn Gruesner [mailto:cgruesner@schwebel.com]

1/8/2007

RE:

**Sent:** Thursday, January 04, 2007 12:21 PM
**To:** Poremba, Maria
**Subject:** Blank Letterhead - 405657

January 04, 2007

Maria Poremba
FEMA
536 South Clark Street
Chicago, IL 60605

RE:         Our Client: Jason Stolte
            Date of Accident: 01/06/06
            Social Securitiy Number: 475 94 6363

Dear Ms. Poremba:

As you know, we represent Jason Stolte for injuries he suffered on January 6, 2006, in an automobile accident.

In the past you have provided us with information relating to Jason Stolte's wage and employment verification with FEMA.

Please provide me with evidence that there would have been opportunity for Jason Stolte to work after June 1, 2006, but for his injuries.

Thank you for your courtesies.

Sincerely,


Carolyn Manion-Gruesner
Direct Dial Number: (612) 344-0308
cgruesner@schwebel.com

CMG
Enclosure
cc: Jason Stolte

1/8/2007

SCHWEBEL
GOETZ &
SIEBEN

ATTORNEYS AT LAW
A PROFESSIONAL ASSOCIATION

5120 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota 55402-2246

Brenda Dickson
GEICO Insurance
One Geico Center
Macon, GA 31295



Hasler

012HG205038
$00.390
04/03/2007
Mailed from 55402
US POSTAGE



SCHWEBEL
GOETZ &
SIEBEN

ATTORNEYS AT LAW

A PROFESSIONAL ASSOCIATION

June 7, 2007

703 542 0109
Judy Veal
GEICO Insurance
One Geico Center
Macon, GA  31295

RE:    Our Client        Jason Stolte
       Your Insured:     Jason Stolte
       Date of Accident: January 6, 2006
       Claim Number:     0170381930101017

Dear Ms. Veal:

Attached is a disability statement signed by Dr. Charles Ormison, Jason Stolte's neurologist, verifying his on-going disability from work since June 1, 2006, byh reason of his closed head injury.

You have previously been sent verification of on-going job possibilities for Jason, at FEMA.  I have attached another copy.

Jason is currently enrolled at Courage Center, undergoing their CRP rehabilitation program for his brain injury.

Please forward an updated check made payable to Jason Stolte for wage loss from June 1, 2006 to the present.

Thank you.

Sincerely,

Carolyn Manion-Gruesner
Direct Dial Number: 612-344-0308
cgruesner@schwebel.com

CMG

Enclosure

James R. Schwebel † * §
John C. Goetz † * §
William R. Sieben † * §
Richard L. Tousignant † * §
Sharon L. Van Dyck
Peter W. Riley † * §
William A. Crandall *
Paul E. Godlewski † *

James S. Ballentine
Candace L. Dale *
Mark H. Gruesner † *
Max H. Hacker
William E. Jepsen
Robert L. Lazear
Robert J. Schmitz
Larry E. Stern *
James G. Weinmeyer *

Of Counsel:
Leo M. Daly
Laurie J. Sieff

† Member of the American
Board of Trial Advocate

* Certified by the National
Board of Trial Advocacy as
a Civil Trial Specialist

§ The Best Lawyers in America
Woodward White, Inc.

5120 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402-2246
Minneapolis: 612-377-7777   St.Paul: 651-777-7777
Toll Free: 800-752-4265   Fax: 612-333-6311
www.schwebel.com

## ATTENDING PHYSICIAN'S REPORT

| DATE | POLICYHOLDER | DATE OF ACCIDENT | FILE NUMBER |
|---|---|---|---|
| | | | |

TO ASSIST US IN DETERMINING BENEFITS DUE UNDER THE MINNESOTA NO-FAULT AUTOMOBILE INSURANCE ACT THE **ATTENDING** PHYSICIAN SHOULD COMPLETE THIS REPORT AND RETURN IT DIRECTLY

TO:

1. PATIENT'S NAME AND ADDRESS  *JASON STOLTE*

| 2. AGE | 3. SEX | 4. OCCUPATION (IF KNOWN) |
|---|---|---|
| 36 | M | *Federal emergency management contractor* |

5. HISTORY OF OCCURRENCE AS DESCRIBED BY PATIENT

*MVA 1/6/06*

6. DIAGNOSIS AND CONCURRENT OR CONTRIBUTING CONDITIONS*

*Closed head injury / Traumatic brain injury     294.1l dementia    283.83 mood disorder*

7. WHEN DID SYMPTOMS FIRST APPEAR?
DATE: *1/6/06*

8. WHEN DID PATIENT FIRST CONSULT YOU FOR THIS CONDITION?
DATE: *2/21/06  Dr Hornbuckle*
*3/17/06  Dr Ormiston*

9. HAS PATIENT EVER HAD SAME OR SIMILAR CONDITION?
YES ☐ NO ☑    If "YES" state when and describe*

10. IS CONDITION SOLELY A RESULT OF THIS ACCIDENT?
YES ☑ NO ☐    If "NO", EXPLAIN*

11. IS CONDITION DUE TO INJURY OR SICKNESS ARISING OUT OF PATIENT'S EMPLOYMENT?
YES ☑ NO ☐

12. WILL INJURY RESULT IN PERMANENT DISFIGUREMENT OR DISABILITY?
YES ☐ NO ☐    If "YES", describe  *uncertain*

13. IF PATIENT WAS HOSPITALIZED, NAME OF HOSPITAL:

PERIOD OF HOSPITALIZATION  FROM:    TO:

14. PATIENT WAS DISABLED (Unable to work)
FROM: *1/6/06*  THROUGH: *present*

15. IF STILL DISABLED, DATE PATIENT SHOULD BE ABLE TO RETURN TO WORK: *uncertain*

16. PATIENT WAS UNABLE TO PERFORM HOUSEHOLD TASKS
FROM: *1/6/6*  THROUGH: *present*

17. IF STILL, UNABLE, DATE PATIENT SHOULD BE ABLE TO PERFORM NORMAL HOUSEHOLD TASKS: *until dependent task*

18. REPORT OF SERVICES

| DATE OF SERVICE | PLACE OF SERVICE | DESCRIPTION OF SURGICAL OR MEDICAL SERVICE RENDERED | CHARGES |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | TOTAL CHARGE TO DATE | $ |
| | | ESTIMATED FUTURE CHARGES | $ |

19. IS PATIENT STILL UNDER YOUR CARE FOR THIS CONDITION?
YES ☑ NO ☐

| *3/5/7* | *CHAS ORMISTON* | | |
|---|---|---|---|
| DATE | PHYSICIAN'S NAME (PRINT) | PHYSICIAN'S SIGNATURE | IRS/TIN IDENTIFICATION NO. |

| *1650 Beam Ave* | *Maplewood* | *MN.* | *5510* |
|---|---|---|---|
| NO.    STREET | CITY OR TOWN | STATE | ZIP CODE |

*Use reverse side if additional space is needed.

A3837 (Ed. 1-75) UNIFORM PRINTING & SUPPLY .

RE:

**Sent:** Thursday, January 04, 2007 12:21 PM
**To:** Poremba, Maria
**Subject:** Blank Letterhead - 405657

January 04, 2007

Maria Poremba
FEMA
536 South Clark Street
Chicago, IL 60605

RE:     Our Client: Jason Stolte
        Date of Accident: 01/06/06
        Social Securitiy Number: 475 94 6363

Dear Ms. Poremba:

As you know, we represent Jason Stolte for injuries he suffered on January 6, 2006, in an automobile accident.

In the past you have provided us with information relating to Jason Stolte's wage and employment verification with FEMA.

Please provide me with evidence that there would have been opportunity for Jason Stolte to work after June 1, 2006, but for his injuries.

Thank you for your courtesies.

Sincerely,


Carolyn Manion-Gruesner
Direct Dial Number: (612) 344-0308
cgruesner@schwebel.com

CMG
Enclosure
cc: Jason Stolte

1/8/2007

RE:

## Carolyn Gruesner

| | |
|---|---|
| **From:** | Poremba, Maria [maria.poremba@dhs.gov] |
| **Sent:** | January 08, 2007 3:15 PM |
| **To:** | Carolyn Gruesner |
| **Cc:** | Poremba, Maria |
| **Subject:** | FW: Blank Letterhead - 405657 |
| **Importance:** | High |

Carolyn,

Below is the response I received from Jason's Cadre Manager. If you have any additional questions, let me know.

Maria Poremba
DHS/FEMA

**From:** Kern, Jeanne
**Sent:** Monday, January 08, 2007 10:22 AM
**To:** Poremba, Maria
**Subject:** RE: Blank Letterhead - 405657

As we had explained in the past, Jason is an on call employee. If he is "available" in our system then any region can call him to work. In our region alone we did have a PA disaster in Minnesota and one in Ohio that he could have been deployed to. Also I know that other regions had disasters as we had people deployed in NY, PA and New Mexico and a few other states as well as DAEs deployed to the region for closeout work. Hope this is what they are looking for. If he is "available", there is a possibility of him working but no guarantee.

Jeanne Kern
Fema Region V
536 South Clark 6th Floor
Chicago, IL 60605

312-408-5547 desk
312-636-3348 cell
312-408-5599 fax

**From:** Poremba, Maria
**Sent:** Monday, January 08, 2007 10:16
**To:** Kern, Jeanne
**Subject:** FW: Blank Letterhead - 405657

Jeanne,

Can you please assist me in the email below?

Thanks,

Maria

**From:** Carolyn Gruesner [mailto:cgruesner@schwebel.com]

1/8/2007



SCHWEBEL GOETZ & SIEBEN
ATTORNEYS AT LAW
A PROFESSIONAL ASSOCIATION

5120 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota 55402-2246

Judy Veal
GEICO Insurance
One Geico Center
Macon, GA 31295



Hasler

012H52C5038
$00.41⁰
05/07/2007
Mailed From 55402
US POSTAGE

**Fax**

| To: | | From: | R3 ECFMACON |
|-----|--|-------|-------------|
| **Fax:** | 13342622759 | **Date:** | Tue, 9 Oct 2007 15:13:49 -0400 |
| **Re:** | Claim #017038193-0101-017 ID #895ebc43f48a481888d1122ed0aa2679 | | |

The message from

GEICO DIRECT Claims Department

   begins on the next page.

====================
This email/fax message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution of this
email/fax is prohibited. If you are not the intended recipient, please
destroy all paper and electronic copies of the original message.

GOVERNMENT EMPLOYEES INSURANCE COMPANY
**GOVERNMENT EMPLOYEES INSURANCE COMPANY**
ONE GEICO CENTER, MACON, GA 31295

**Date:**   October 09, 2007

**To:**   WILLIAM SAWYER
FAX: (334)-262-2759

**From:**   Carla Nesbitt
(800)841-9160
GEICO DIRECT Claims Department

**Subject:**   **Claim#017038193-0101-017**

**Message:**

JASON STOLTE

**Attachments:**

Payment (for fax only) Page 1

# CLAIM PAYMENT

**Claim number:** 017038193-0101-017
**Loss date:** 01/05/2006 1200AM
**Insured name:** JASON C STOLTE
**Claimant name:**
**Company:** GEICO
**Total check amount:** $9,750.00

## Check details

**Date issued:** 07/19/07
**Check number:** 082048952
**Payment type:** System - A
**Payment for:** Loss Payment
**In payment of:** PERSONAL INJURY PROTECTION
06/02/06-03/01/07
WAGES
**Payment to:** JASON C STOLTE
**Mail to:** JASON C STOLTE
4320 CEDARWOOD RD
MINNEAPOLIS, MN 55416-3829

## Miscellaneous

**Attorney gross:** None
**IRS field:**
**Provider type:**
**Out of network provider:**
**Enclosure:**

## Payment allocation

01 Basic PIP - Income Loss (NBW) JASON C STOLTE $9,750.00

# Fax

**To:**                                 **From:**   R3 ECFMACON

**Fax:**     13342622759                 **Date:**   Tue, 9 Oct 2007 15:14:47 -0400

**Re:**     Claim#017038193-0101-017 ID#9750ff06059240868f0f4db9a58f1e5e

The message from

GEICO DIRECT Claims Department

  begins on the next page.

====================
This email/fax message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution of this
email/fax is prohibited. If you are not the intended recipient, please
destroy all paper and electronic copies of the original message.

# GOVERNMENT EMPLOYEES INSURANCE COMPANY
## ONE GEICO CENTER, MACON, GA 31295

**Date:**   October 09, 2007

**To:**   WILLIAM SAWYER
FAX: (334)-262-2759

**From:**   Carla Nesbitt
(800)841-9160
GEICO DIRECT Claims Department

**Subject:**   **Claim#017038193-0101-017**

**Message:**

JASON STOLTE WORK LOSS PAYMENT

**Attachments:**

Payment (for fax only) Page 1

# CLAIM PAYMENT

| | |
|---|---|
| **Claim number:** | 017038193-0101-017 |
| **Loss date:** | 01/05/2006 1200AM |
| **Insured name:** | JASON C STOLTE |
| **Claimant name:** | |
| **Company:** | GEICO |
| **Total check amount:** | $5,300.00 |

## Check details

| | |
|---|---|
| **Date issued:** | 11/20/06 |
| **Check number:** | 079253168 |
| **Payment type:** | System - A |
| **Payment for:** | Loss Payment |
| **In payment of:** | PERSONAL INJURY PROTECTION |
| | 01/06/06-06/01/06 WAGES |
| | 22 WEEKS @ $250 MAX LESS |
| | $200 DEDUCTIBLE |
| **Payment to:** | JASON C STOLTE |
| **Mail to:** | JASON C STOLTE |
| | 4320 CEDARWOOD RD |
| | MINNEAPOLIS, MN 55416-3829 |

## Miscellaneous

| | |
|---|---|
| **Attorney gross:** | None |
| **IRS field:** | |
| **Provider type:** | |
| **Out of network provider:** | |
| **Enclosure:** | |

## Payment allocation

01 Basic PIP - Income Loss (NBW) JASON C STOLTE $5,300.00