IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CASE NO. 2:07-cv-521-WKW

JASON STOLTE,

    PLAINTIFF,

VS.

DAVID DAVIS FARMS, INC., ET AL.,

    DEFENDANTS.

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT FARM MASTER'S MOTION
TO DISMISS BASED ON FORUM NON CONVENIENS**

## INTRODUCTION AND SUMMARY

Mr. Stolte is a Minnesota resident who was injured in a traffic accident on Interstate 65 in Autauga County. The driver of the other vehicle, defendant Martin Phillip Horn, is an Alabama resident. His employer, David Davis Farms, Inc., is an Alabama corporation. Plaintiff Stolte also brings a product liability claim against Farm Master, Inc., the manufacturer of the trailer being hauled by Mr. Horn for David Davis Farms, Inc.

Farm Master, Inc., is based in Indiana. Carolina Casualty Insurance

Company insures David Davis Farms, Inc., and Carolina Casualty apparently paid a property damage claim to David Davis Farms in the approximate amount of $7,000. In May 2007, Carolina Casualty filed a subrogation civil action against Farm Master in the Superior Court of Wabash County, Indiana, claiming about $7,000 in damages for property damages incurred by its insured, David Davis Farms.

Now, Farm Master moves this Court for an order dismissing Farm Master without prejudice. Farm Master argues that Stolte ought to have to re-file his products liability personal injury claim in state court in Wabash County, Indiana, because Farm Master is already being sued there for $7,000 by Carolina Casualty.[1] Plaintiff Stolte responds herein that Farm Master has utterly failed to prove any of the elements of forum non conveniens, 28 U.S.C. §1401(a).

## ARGUMENT

For purposes of this motion, Farm Master does not dispute the allegation that it does business in Alabama and is subject to personal jurisdiction in Alabama. It does not dispute that venue is proper. Farm Master seeks dismissal of itself from this case based on forum non conveniens. At page 2 of its motion,

---

[1] An example of trying to have the "tail wag the dog."

Farm Master acknowledges that it has the burden of proving the elements of forum non conveniens. Yet, the only evidence submitted by Farm Master is the $7,000 small claims suit filed against it in Indiana by Carolina Casualty.

Farm Master's entire forum non conveniens argument is made in one paragraph at the bottom of page 2 of its motion. The fact that the subject trailer was manufactured in Indiana proves nothing of relevance. If Farm Master's argument[2] is sufficient to trigger a dismissal or a transfer of venue, then literally every manufacturer is entitled to have every product liability action brought against it transferred to its home county (or to be dismissed with the plaintiff left to re-file). That, of course, is not the law. This case is properly filed where the injury occurred, and Jason Stolte is entitled to sue all the joint tortfeasor co-defendants together in one action.

The specific remedy that Farm Master seeks does not even make good sense. Farm Master seeks dismissal "without prejudice with leave to re-file the case in the Superior Court of Wabash County, Indiana." (Quoting Farm Master's demand at p. 3 of its motion.) If Stolte were somehow forced to re-file his products liability claim in Indiana, he would file a diversity case in federal court.

---

[2] At page 2, Farm Master argues that the product was designed and made in Indiana, and that witnesses who know about the trailer's design and manufacture live in Indiana. Without any evidence, Farm Master argues that it would be inconvenient for those witnesses to testify in Alabama.

Thus, Farm Master would still be faced with defending two lawsuits: Stolte's personal injury product liability claim in federal court and Carolina Casualty's $7,000 property damage subrogation claim in state court. This Court has no jurisdiction or power to order Mr. Stolte to re-file his products claim, solely and exclusively, only in the Superior Court of Wabash County, Indiana. Because Farm Master cannot be given the relief it seeks, its motion is due to be denied on that basis alone, and the Plaintiff not forced into a pointless splitting of his action.

Moreover, Farm Master has not proven any of the elements of forum non conveniens. "Normally, the court will give substantial deference to a plaintiff's choice of forum. Thus, for a defendant to prevail on a forum non conveniens motion, the defendant must demonstrate that the plaintiff's choice of forum was significantly inappropriate. ... [T]he plaintiff's choice of forum will not be defeated by a mere preponderance of interests favoring dismissal. In fact, in most cases the forum non conveniens motion will not be granted unless the weighing factors . . . weigh heavily in favor of trial in the alternative forum." Steven Baicker-McKee, William M. Janssen, and John B. Corr, Federal Civil Rules Handbook, § 2.15, pp. 80-81 (2006).

The "public interest factors" include "having local disputes settled locally" and "avoiding problems of applying foreign law." Id. at 83. This case involves a local vehicular accident. And, Alabama's substantive law will apply to Stolte's

products liability claim against Farm Master. Even if this products claim were filed in Indiana, the courts in Indiana would have to apply Alabama's substantive law under Indiana's choice-of-law principles.[3]

As to the "private interest factors" (see Baicker-McKee, *supra*, at 84), modern discovery rules provide the vehicle for gathering all material information that might be located in Indiana. Witnesses can be deposed in Indiana, even by telephone or video conferencing. Any witnesses that Farm Master deems necessary to appear live at trial can travel to Alabama for trial because Farm Master controls its own employees and contractors. It is certainly no more inconvenient than having Alabama witnesses travel to Indiana to give testimony duplicative to their testimony in this Alabama case. See Alabama Dental Association v. Blue Cross and Blue Shield of Alabama, Inc., No. 205-CV-1230-MEF, 2007 WL 25488, *11 (M.D. Ala. Jan. 3, 2007) ("the court must regard the plaintiff's choice of venue as presumptively correct and only allow transfer to a more convenient forum, but not one which is likely to prove equally convenient or

---

[3] Except in extreme cases where the location of the injury bears absolutely no connection to the case, Indiana applies the traditional lex loci delicti rule to products liability cases. See Alli v. Eli Lilly and Co., 854 N.E.2d 372, 378 (Ind. App. 2006); 12 Indiana Practice Series, Indiana Evidence § 301.108 (3d ed. 2007); 27 Indiana Law Encyclopedia, Torts § 9 (Oct. 2007); and Klein v. Depuy, Inc., 476 F.Supp.2d 1007, 1012-13 (N.D. Ind. 2007) (applying lex loci and North Carolina substantive law, as the state of the place of injury, instead of Indiana law, where the product was designed and manufactured in Indiana).

inconvenient"). See also American Law of Products Liability 3d § 49:10 (Nov. 2007) (e.g., transfer is not appropriate if it would "merely shift the inconvenience").

## CONCLUSION

Wherefore, Plaintiff urges the denial of defendant Farm Master, Inc.'s motion to dismiss [Doc. 18].

Respectfully submitted,

/s/   Scott A. Powell
Scott A. Powell
ASB-7523-L60S


OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON, LLP
2025 3rd Avenue North, Suite 800
Birmingham, AL 35203
(205) 328-5330
fax: (205) 324-2165
scott@hwnn.com

CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert C. Black, Jr.
Hill, Hill, Carter, Franco, Cole & Black
P. O. Box 116
Montgomery, AL 36101-0116

Tyrone C. Means
Christopher K. Whitehead
Thomas, Means, Gillis & Seay
P. O. Drawer 5058
Montgomery, AL 36103-5058

                                            /s/   Scott A. Powell
                                            Scott A. Powell, Of Counsel