IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JASON STOLTE, ) | |
| ) | |
|    PLAINTIFF, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO. |
| ) | |
| DAVID DAVIS FARMS, INC., a corporation; ) | 2:07-cv-521-WKW |
| MARTIN PHILLIP HORN, an Individual, ) | |
| FARM MASTER, INC., a corporation, ) | |
| ) | |
|    DEFENDANTS. ) | JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

     1.  Plaintiff, JASON STOLTE, is an individual resident citizen of Minneapolis, Minnesota and has been an individual resident citizen of Minneapolis, Minnesota at all material times referred to herein.

     2.  The Defendant, DAVID DAVIS FARMS, INC., is a corporation incorporated in Baldwin County, Alabama, and doing business throughout the state of Alabama at all material times referred to herein.

     3.  The Defendant, MARTIN PHILLIP HORN, is an individual resident citizen of Baldwin County, Alabama and has been an individual resident citizen of Baldwin County, Alabama at all material times referred to herein.

     4.  The Defendant, FARM MASTER, INC., is a foreign corporation doing business in the State of Alabama.

     5.  The Defendant, GEICO INSURANCE COMPANY, is a foreign corporation doing business in the State of Alabama.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332, et seq. by reason of the diverse citizenship of the parties and the amount in controversy. Venue is proper in this district as the incident giving rise to these claims arose within this district.

7. The Plaintiff avers that heretofore on, to-wit, the 6th day of January, 2006, the Plaintiff was operating a motor vehicle on Interstate 65, at its intersection between County Road 40 and County Road 61, in Autauga County, Alabama, when he was caused to strike a tire and wheel which had fallen from an eighteen wheeler being operated by the Defendant, MARTIN PHILLIP HORN, and was lying in the roadway in the path of the Plaintiff. The Plaintiff's vehicle collided with the wheel and tire and came to rest in the median on the interstate highway.

8. During the collision, Plaintiff was thrown in and about the interior of his vehicle and caused to suffer the following injuries and damages: He was bruised and contused about his body and extremities; he was caused to suffer closed head injuries; his speech patterns and cognitive processes were injured and damaged and were permanently injured and permanently damaged; he was caused to suffer physical pain and mental anguish and will be caused to suffer physical pain and mental anguish in the future; he was caused to lose wages from his employment and his power and capacity to work and earn money in the future was permanently impaired; he was caused to spend monies for doctors, hospitals, medicine and x-ray personnel in and about his efforts to cure his said injuries; he was unable to carry out his usual and normal activities of life and his power and capacity to carry out his usual and normal activities of life in the future was permanently impaired; and he was otherwise injured.

9. Plaintiff avers that all of his aforesaid injuries and damages were proximately caused by the negligence and/or wanton misconduct of the defendant, MARTIN PHILLIP HORN, while

acting and working within the line and scope of his employment for the defendant, DAVID DAVIS FARMS, INC. As a proximate cause of the individual and combined and concurring negligence and wanton misconduct of the defendants, plaintiff was injured as set forth above.

    10. Plaintiff avers that the subject trailer portion of the eighteen wheeler was designed, manufactured, marketed, distributed and delivered to Alabama by the Defendant FARM MASTER, INC. Plaintiff avers that the vehicle was defective in several respects as designed, manufactured and sold and that these conditions include, but are not limited to, the following:

    (a) a defective wheel and tire unit which permitted the tires and wheel units to come off said trailer and cause the incident made the basis of this lawsuit;

    (b) a lack of general crashworthiness;

    (c) a failure to adequately warn or instruct the users of the trailer of the inadequate condition of the tire and wheel system;

    11. The defendants are liable for the injuries of the plaintiff under the following theories of liability:

    (a) Negligence in the design, and/or manufacture and/or testing, and/or sale, and/or marketing of the subject trailer;

    (b) Wanton misconduct in the design, and/or manufacture and/or testing, and/or sale, and/or marketing, of the subject trailer;

    (c) Negligence in their failure to conduct testing and/or inspections and/or investigations, to determine that the subject trailer was defective and unsafe and failed to comply with applicable standards.

    (d) Wanton misconduct in their failure to conduct testing and/or inspections and/or

investigations, to determine that the subject trailer was defective and unsafe and failed to comply with applicable standards.

(e)  Negligence in failing to notify the owners, dealers, users and purchasers of these trailers that defective conditions existed in the trailer and, in addition, failing to implement a corrective action plan which would provide adequate methods to remedy the defect and make the trailer safe.

(f)  Wanton misconduct in failing to notify the owners, dealers, users and purchasers of these vehicles of defective conditions that existed in the trailer and, in addition, failing to implement a corrective action plan which would provide adequate methods to remedy the defect and make the trailer safe.

(g)  Under the Alabama Extended Manufacturers Liability Doctrine with regard to the subject trailer in that the Defendant, FARM MASTER, INC., is in the business of selling trailers of the type described herein; Defendants manufactured and sold a trailer which was dangerous and defective at the time it left their control; the trailer reached its ultimate consumer in the same condition as when it was manufactured and sold by the defendant; the trailer was dangerous and defective at the time of its manufacture and sale; the trailer was in substantially the same condition at the time of this incident as the time of manufacture and as a proximate consequence of the dangerous and defective trailer, the plaintiff suffered injuries as set forth in the initial Complaint on file in this cause.

12.  The plaintiff, JASON STOLTE, avers that at all material times referred to in the original complaint on file in this cause, he carried a certain policy of insurance with the defendant, GEICO INSURANCE COMPANY, which provided to the plaintiff

underinsured/uninsured motorist benefits. Plaintiff avers that the defendant, MARTIN PHILLIP HORN, is an underinsured motorist within the meaning and terms outlined in the plaintiff's policy of insurance with this defendant. Plaintiff avers that his damages exceed the liability coverage carried by the defendant, HORN. Plaintiff further avers that the defendant, GEICO INSURANCE COMPANY, has breached the terms and conditions of their policy of insurance with the plaintiff by failing and refusing to pay those certain underinsured motorist benefits to which he is due and entitled.

Plaintiff further avers that the defendant, GEICO INSURANCE COMPANY, has breached its contract with the plaintiff and plaintiff seeks damages therefor.

13. Plaintiff avers that all of his aforesaid injuries and damages were proximately caused by the combined negligence and/or wanton misconduct of the defendants, MARTIN PHILLIP HORN, while acting and working within the line and scope of his employment for the defendant, DAVID DAVIS FARMS, INC., by defendant FARM MASTER, INC. in their design, manufacture, marketing, distributing and delivering of said trailer to Alabama, and by defendant GEICO INSURANCE COMPANY in breaching its policy of insurance for underinsured motorist benefits for which plaintiff and GEICO had a contract. As a proximate cause of the individual and combined and concurring negligence and wanton misconduct of the defendants, plaintiff was injured as set forth above.

14. As damages, the Plaintiff claims of the Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in an amount to be determined by the jury.

/s/ Scott A. Powell
SCOTT A. POWELL, ASB-7523-L60S
Attorney for Plaintiff

OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON
Suite 800 Massey Building
2025 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 328-5330
Facsimile (205) 324-2165
E-Mail: scott@hwnn.com


PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.


                Scott A. Powell
                OF COUNSEL


Plaintiff's Address:
4320 Cedarwood Drive
St. Louis Park, Minnesota 55416

Defendants' Addresses:
MARTIN PHILLIP HORN
25975 County Road 27, Lot T8
Daphne, Alabama 36526

DAVID DAVIS FARMS, INC.
25630 County Road 27
Daphne, Alabama 36526

FARM MASTER, INC.
c/o Tracy M. White
1750 Mill Street
Wabash, IN 46992

GEICO INSURANCE COMPANY
c/o Richard A. Ball, Jr., Agent
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109