IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JASON STOLTE** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    Civil Action No.:  2:07-cv-521-wkw |
| | ) |
| **DAVID DAVIS FARMS, INC.;** | ) |
| **MARTIN PHILLIP HORN;** | ) |
| **FARM MASTER, INC.;** | ) |
| | ) |
|     **Defendants.** | ) |

## ANSWER ON BEHALF OF
## GEICO INSURANCE COMPANY

**COMES NOW,** the Defendant, Geico Insurance Company, and in response to the Plaintiff's Complaint state the following:

1. The Defendant generally denies each and every allegation contained within the Plaintiff's Complaint and demands strict proof thereof.

2. The Defendant denies it is responsible for any damages sustained by the Plaintiff and demands strict proof thereof.

3. The Defendant denies the Plaintiff was injured as a result of the negligent or wanton conduct of Martin Phillip Horn and demands strict proof thereof.

4. The Defendant denies the Plaintiff was injured by the negligent or wanton conduct of an underinsured or uninsured motorist and demands strict proof thereof.

5. The Defendant pleads as an affirmative defense contributory negligence.

6. The Defendant as an affirmative defense pleads assumption of the risk.

7. The Defendant as an affirmative defense pleads an intervening and superceding cause.

8. The Defendant as an affirmative defense pleads a lack of proximate cause.

9. The Defendant as an affirmative defense pleads the failure of the Plaintiff to mitigate his damages.

10. The Defendant as an affirmative defense pleads its policy of insurance.

11. The Defendant as an affirmative defense pleads the constitutional protections afforded under the Constitutions of the United States of America and the State of Alabama.

12. The Defendant as an affirmative defense would show the award of punitive damages in this action is barred.

13. The Defendant as an affirmative defense would show that it provides only excess underinsured/uninsured motorist benefits above any liability policy provided to the Defendant Martin Phillip Horn.

14. The Defendant reserves the right to assert additional defenses which are not currently known but which are learned through Discovery.

      /s/    Gerald C. Swann, Jr.
**GERALD C. SWANN, JR.**    **SWA005**
**JASON R. WATKINS**    **WAT068**

OF COUNSEL:

**BALL, BALL, MATTHEWS & NOVAK, P.A.**
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
334/387-7680

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system that the foregoing document has been served upon the following counsel of record via the CM/ECF system and/or by U.S. mail:

Scott Powell
Hare, Wynn, Newell, and Newton
2025 Third Ave., N.
Birmingham, AL  35203

Robert Coleman Black, Jr.
Hill, Hill, Carter, Franco, Cole & Black
P O Box 116
Montgomery, AL  36101-0116

Tyrone Carlton Means
Christopher Kyle Whitehead
Thomas, Means, Gillis & Seay
P O Drawer 5058
Montgomery, AL  36103-5058

                                                         /s/     Gerald C. Swann, Jr.
                                                     OF COUNSEL