IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CASE NO. 2:07-cv-521-WKW

JASON STOLTE,

    PLAINTIFF,

VS.

DAVID DAVIS FARMS, INC., ET AL.,

    DEFENDANTS.

## RESPONSE TO ORDER TO SHOW CAUSE

Comes now the Plaintiff in the above matter and does object to the defendant GEICO'S Request for Unlimited Time Within Which to Elect to Opt Out and as grounds says as follows:

1. The defendant, GEICO, is the underinsured motorist carrier for the plaintiff and his claim has been made under plaintiff's policy of insurance with GEICO;

2. Now that all defendants have been served and appeared, the parties will set up a Rule 26(f) scheduling conference and submit a discovery plan to the Court;

3. That prior to that meeting of counsel, defendant GEICO has already attempted to submit discovery to the plaintiff which said discovery is untimely;

4. GEICO's attempt at an extension of time within which to make an election states that they want to participate in discovery and indicate that they have a right to do so. There is no showing of any legal right the defendant GEICO claims to participate in discovery pending its election decision;

5. It appears as if defendant GEICO is attempting to participate in all discovery matters *before* making its election;

6. GEICO is attempting to "have its cake and eat it too" by participating in discovery when it may not appear at trial;

7. GEICO's participation in substantive discovery contrary to its assertion in paragraph 3 of its motion, does cause prejudice to the plaintiff in that there will now be at least three defense counsel defending the claims of the plaintiff at each deposition, or any other discovery event, when in reality GEICO may not even appear at the trial;

8. It would be unfair to the plaintiff to allow a potentially absent trial defendant to participate in substantive discovery prior to its election.

WHEREFORE, PREMISES CONSIDERED, plaintiff does object to the Motion to Extend Time for Election and submits that defendant GEICO should make its election prior to the beginning of substantive discovery.

Respectfully submitted,

/s/   Scott A. Powell
Scott A. Powell
ASB-7523-L60S

OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON, LLP
2025 3rd Avenue North, Suite 800
Birmingham, AL 35203
(205) 328-5330
fax: (205) 324-2165
scott@hwnn.com

CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert C. Black, Jr.
Hill, Hill, Carter, Franco, Cole & Black
P. O. Box 116
Montgomery, AL 36101-0116

Tyrone C. Means
Christopher K. Whitehead
Thomas, Means, Gillis & Seay
P. O. Drawer 5058
Montgomery, AL 36103-5058

Gerald C. Swann, Jr.
Jason R. Watkins
BALL, BALL, MATTHEWS & NOVAK
2000 Interstate Park Drive, Suite 204
P. O. Box 2148
Montgomery, AL 36102-2148

/s/   Scott A. Powell
Scott A. Powell, Of Counsel