IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON STOLTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-00521-WKW |
| ) | |
| DAVID DAVIS FARMS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court is defendant GEICO Insurance Company's Motion for Extension of Time to Opt Out (Doc. # 31). GEICO asks this court to extend its deadline to opt out until the date of the final pretrial hearing. The plaintiff has filed an objection (Doc. # 33).

Under Alabama law, when an insurance company that provides uninsured or underinsured motorist coverage is sued, it has the option to

> elect *either* to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), *or* not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder's decision on the issue of liability and damages.

*Lowe v. Nationwide Ins. Co.*, 521 So. 2d 1309, 1310 (Ala. 1988). The Alabama Supreme Court has indicated that the timeliness of a motion to opt out is "to be judged according to the posture of the case." *Ex Parte Edgar*, 543 So. 2d 682, 685 (Ala. 1989). If the insurer elects to opt out, the decision must be made within a reasonable time:

> Logically, the insurer would not want to withdraw from the case too early, before it could determine, through the discovery process, whether it would be in its best interest to do so. On the other hand, the insurer cannot delay,

>  unnecessarily, in making its decision whether to withdraw. We believe that it would not be unreasonable for the insurer to participate in the case for a length of time sufficient to enable it to make a meaningful determination as to whether it would be in its best interest to withdraw.

*Id.*

With two motions to dismiss pending, this case is still in the early stages. To the extent that GEICO seeks in its motion an extension of time to avoid having to make its decision to opt out at this time, the motion is due to be GRANTED. To the extent that GEICO seeks an extension until the final pre-trial hearing in the case, the motion is due to be DENIED. There is no information before the court showing that GEICO needs an extension until the time of the final pretrial hearing to make a "meaningful determination as to whether it would be in its best interest to withdraw." *See Edgar*, 543 So. 2d at 685. Unless the parties agree otherwise, GEICO shall make its election in writing **on or before 21 days prior to the dispositive motion deadline**. The parties shall include this deadline in their Rule 26(f) Report, which the court will order them to prepare after it has decided the motions to dismiss.

Accordingly, it is ORDERED that GEICO's Motion for Extension of Time to Opt Out (Doc. # 31) is GRANTED in PART and DENIED in PART. To the extent GEICO seeks an extension, the motion is GRANTED. To the extent GEICO seeks an extension until the final pre-trial hearing, the motion is DENIED.

DONE this 29th day of January, 2008.

                                            /s/ W. Keith Watkins
                                            UNITED STATES DISTRICT JUDGE