IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON STOLTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-00521-WKW |
| ) | [wo] |
| DAVID DAVIS FARMS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on three motions to dismiss: two filed jointly by Defendants David Davis Farms, Inc. ("Davis Farms"), and Martin Phillip Horn ("Horn") (Docs. # 5 & # 14), and one filed by Defendant Farm Master, Inc. ("Farm Master") (Doc. # 18). For the reasons that follow, these motions are due to be DENIED.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff Jason Stolte ("Stolte") seeks damages for injuries he sustained in a motor vehicle accident on Interstate 65 in Autauga County, Alabama, from Defendants Davis Farms, Horn, Farm Master, and GEICO Insurance Company ("GEICO").

Stolte alleges that on January 6, 2006, he was driving on Interstate 65 in Autauga County when a tire and wheel, which had fallen from the eighteen wheeler truck Horn was driving, collided with Stolte's car. (Second Am. Compl. ¶ 7.) Stolte contends that Horn acted negligently or wantonly in causing the accident and that Horn's employer, Davis Farms, is vicariously liable. (*Id.* ¶ 9.) Stolte contends that Farm Master is liable because it designed,

manufactured, and sold the defective eighteen wheeler. (*Id.* ¶ 10.) Finally, Stolte asserts that GEICO breached the terms of its insurance contract with him by failing to provide underinsured motorist benefits. (*Id.* ¶ 12.)

There are two other pending lawsuits that arise out of Stolte's accident. In one, GEICO filed a subrogation lawsuit against Horn and David R. Davis ("Davis"), individually, in Autauga County Circuit Court. GEICO seeks to recover from Horn and Davis payments it made to Stolte for "med pay" coverage, lost wages, and property damage. In the other, Carolina Casualty Insurance filed a lawsuit in Wabash Superior Court in Indiana as the subrogee of Davis Farms seeking $7,548.00 from Farm Master.

On June 13, 2007, Stolte filed his complaint (Doc. # 1) in this action against Davis Farms and Horn. On July 10, 2007, Davis Farms and Horn filed a motion to dismiss (Doc. # 5) for failure to state a claim pursuant to Rule 12(b)(6) and for failure to join a necessary party pursuant to Rule 12(b)(7) because Farm Master was not included in the complaint. Davis Farms and Horn also objected to Stolte prosecuting simultaneous actions in federal and state court because GEICO sued them in state court as Stolte's subrogee. On October 9, 2007, this court granted Stolte leave to file an amended complaint that added Farm Master as a party and denied Davis Farms and Horn's motion to dismiss to the extent dismissal was sought under Fed. R. Civ. P. 12(b)(7). (Doc. # 12.) On October 11, 2007, Davis Farms and Horn filed another motion to dismiss (Doc. # 14) raising the same issues – dismissal for failure to state a claim and because Stolte was prosecuting simultaneous actions

2

in state and federal court. On November 6, 2007, Farm Master filed a motion to dismiss (Doc. # 18) under 28 U.S.C. § 1404. On December 19, 2007, Stolte filed a Second Amended Complaint (Doc. # 27), which added GEICO as a party. GEICO filed its answer on January 18, 2008.

## II. DISCUSSION

*A.    Horn and Davis Farms's Motions to Dismiss*

Horn and Davis Farms seek dismissal on two grounds: Rule 12(b)(6) and because Stolte is prosecuting simultaneous actions. Dismissal is not warranted on either ground.

Horn and Davis Farms assert that Stolte has failed to state a claim against them, but they fail to present any reasoning to support their contention. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1964-65; *see also Hill v. White*, 321 F.3d 1334 (11th Cir. 2003) (stating that the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff).

Here, Stolte has stated a claim because he has alleged that Horn and Davis Farms acted negligently or wantonly in causing his injuries when a tire and wheel flew off the truck Horn was driving. The court finds these allegations sufficient to state a claim for negligence or wantonness, especially since Horn and Davis Farms have put forth no specific arguments against Stolte's claims.

Horn and Davis Farms argue in the alternative that Stolte's claims should be dismissed because GEICO has already filed suit against them in state court as Stolte's subrogee and Stolte cannot prosecute simultaneous actions involving the same claim. The court construes this argument as a motion for dismissal pursuant to the Alabama Abatement Statute, which provides that "[n]o plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party." Ala. Code § 6-5-440.

Stolte's complaint is not due to be dismissed because he is not prosecuting simultaneous actions. Alabama courts have found this statute requires the parties in the two suits to be identical. *See Redstone Land & Dev. Co. v. Boatwright*, 209 So. 2d 221, 223 (Ala. Ct. App. 1968). The parties in this case and in the Autauga County case are not identical. GEICO is the plaintiff in the state case, and Stolte is the plaintiff here. While GEICO is suing as Stolte's subrogee in the state action, GEICO and Stolte are not identical. While the court is not aware of any Alabama cases analyzing whether a person and his subrogee are identical parties under § 6-5-440, a Georgia court has addressed this issue. *See Janet Parker, Inc. v. Floyd*, 603 S.E. 2d 485 (Ga. Ct. App. 2004). Analyzing a similar statute,

the Georgia court found that a plaintiff is not prosecuting simultaneous actions when he filed a lawsuit after his subrogees had filed suit. *Id.* at 487. The Georgia court noted that the parties were not identical because the subrogees "did not file their suit in [the insured's] name or seek to recover all of his damages." *Id.* Moreover, GEICO sued Horn and Davis individually, whereas Stolte's claims are against Horn and Davis Farms.

In addition to not being identical, GEICO and Stolte are seeking to recover different damages in their actions. In the Autauga County case, GEICO is seeking to recover payments it made to Stolte for "med pay" coverage, property damage, and lost wages. In this case, Stolte is suing to recover personal injury tort damages.

Accordingly, the court concludes that Stolte is not prosecuting simultaneous actions and that Horn and Davis Farms's motions to dismiss are due to be denied.

**B.     *Farm Master's Motion to Dismiss***

Farm Master seeks dismissal of the complaint pursuant to 28 U.S.C. § 1404 with leave to refile in the Superior Court of Wabash County, Indiana. *See* 28 U.S.C. § 1404 ("[A] district court may *transfer* any civil action to any other district court or division where it might have been brought." (emphasis added)). Farm Master asks this court to *dismiss* the action so that it may be refiled in state court. What Farm Master asks this court to do is procedurally improper under § 1404 because that statute allows a district court to transfer a case to another federal district court – not dismiss a case with leave to refile in state court. Accordingly, Farm Master's motion to dismiss is due to be denied.

### III.  CONCLUSION

Accordingly, it is ORDERED that

1. Davis Farms and Horn's motions to dismiss (Docs. # 5 & # 14) are DENIED;

2. Farm Master's motion to dismiss (Doc. # 18) is DENIED;

3. Farm Master is ORDERED to file an answer to Stolte's complaint **on or before May 5, 2008**.

DONE this 28th day of April, 2008.

                                          /s/  W.  Keith Watkins
                                    UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).